# THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

COMMONWEALTH OF PENNSYLVANIA, : No. 187 MAL 2014
:
         Respondent       :
                                         : Petition for Allowance of Appeal from the
                                         : **Unpublished Memorandum and Order**
         v.                : of the Superior Court at No. 1160 EDA
                                         : 2013 filed December 4, 2013, **affirming**
                                         : the Order of the Pike County Court of
JESUS ROSARIO TORRES,      : Common Pleas at No.
                                         : CP-52-CR-0000286-2008 filed March 26,
         Petitioner        : 2013

## ORDER

**PER CURIAM**                                       **DECIDED:  September 29, 2014**

**AND NOW**, this 29th day of September, 2014, the Petition for Allowance of Appeal is hereby GRANTED.   The Order of the Superior Court is VACATED and  the matter is REMANDED to the PCRA court with direction that counsel be appointed to assist Petitioner in a limited evidentiary hearing.

In this collateral appeal involving a first petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, counsel was appointed and granted leave to withdraw after filing a no merit letter.  After the PCRA court entered a notice of intention to dismiss pursuant to Pa.R.Crim. P. 907, the court granted Petitioner an extension of time to respond to the notice.  Petitioner thereafter filed a pro se pleading styled as an amended PCRA petition, raising two new claims; this pleading was filed within one year of Petitioner's judgment of sentence becoming final.

The trial court granted an evidentiary hearing on the new claims, and petitioner thereafter requested the appointment of counsel for purposes of that hearing.   The

court denied the request on grounds that the prior appointment of counsel sufficiently vindicated the right to counsel afforded PCRA petitioners under this Court's Rules. At the ensuing evidentiary hearing, Petitioner, proceeding pro se, reviewed his request for counsel, the request was denied, and the Petitioner then claimed an inability to proceed on his claims without counsel. The PCRA petition was then denied, in part due to Petitioner's failure to support his claims. A divided Superior Court panel affirmed, over the dissent of Judge Fitzgerald, on the question of the entitlement to counsel at the evidentiary hearing ordered by the PCRA court.

On further appeal to this Court, Petitioner renews his claim that, once an evidentiary hearing was ordered on the claims raised in his (timely) amended PCRA petition, he was entitled to counsel under our Rules. In these circumstances, we agree. It is important to note that this is not a case involving a serial PCRA petition subject to the time and issue restraints of 42 Pa.C.S. §9545(b); the new claims raised by Petitioner after his initial counsel was permitted leave to withdraw were timely. Because those claims were timely and because the PCRA court granted an evidentiary hearing on those claims, our rules of criminal procedure dictate that counsel should have been appointed. See, e.g., Pa.R.Crim.P. 904(D) (providing for appointment of counsel for indigent defendant with respect to second or subsequent PCRA petition where evidentiary hearing is required); Pa.R.Crim.P. 908(C) (providing that upon scheduling hearing, court shall provide defendant an opportunity for counsel).[1]

---

[1] Although the PCRA court was not specifically asked to permit the amendment filed by Petitioner, the amendment was within the one-year window contemplated by the PCRA, and the PCRA court specifically entertained the amendment on the merits by scheduling an evidentiary hearing on the claims raised therein. In this unusual scenario, the hearing procedures contemplated by the Rules, including appointment of counsel, are implicated.

Mr. Justice Stevens notes his dissent and would deny the Petition for Allowance of Appeal.