J. S67033/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CLAPPER, | : | |
| | : | |
| Appellant | : | No. 716 WDA 2014 |

Appeal from the PCRA Order March 27, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division No(s).: CP-02-CR-0013172-2009

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED DECEMBER 18, 2014**

*Pro se* Appellant, David Clapper, appeals from the order entered in the Allegheny County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition. He challenges the sufficiency of his PCRA counsel's "no-merit letter," claims trial counsel should have introduced an exculpatory videotape into evidence, maintains trial counsel erred by not objecting to the absence of a guilty plea colloquy, and asserts his constitutional rights were violated because the victim perjured herself. We

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

vacate and remand for a hearing on whether trial counsel was ineffective with respect to the absence of a guilty plea colloquy.[2]

We state the facts as set forth by a prior panel of this Court:

> On August 9, 2009, Appellant was arrested in connection with a sexual assault that occurred the previous evening. The victim reported that, at approximately [9] p.m.[3] on the evening of August 8, 2009, Appellant approached her in an alleyway, engaged her in conversation, and then grabbed her. Appellant placed his hands down her pants and penetrated her vagina with his fingers before she was able to break his embrace and run away.

*Commonwealth v. Clapper*, 849 WDA 2012, at 1-2 (Pa. Super. Nov. 27, 2012) (memorandum slip op.) ("*Clapper I*").

During the assault, the victim pressed the "redial" button on her phone at 9:07 p.m., 9:08 p.m., 9:09 p.m., 9:10 p.m., 9:11 p.m., and 9:12 p.m. N.T. Trial, 11/4/11, at 16-17; Ex. C. to Appellant's PCRA Pet., 8/2/13. Meanwhile, the victim noticed a black sports car drive up to the alley and a male driver exit the vehicle and enter a nearby store while the female passenger stayed in the vehicle. N.T. Trial at 18. After the male driver returned, the female passenger observed the assault and exited the vehicle,

---

[2] On remand, Appellant is entitled to appointed counsel. ***See*** ***Commonwealth v. Torres***, 101 A.3d 781 (Pa. 2014) (order) (*per curiam*).

[3] The ***Clapper I*** Court stated the assault occurred at 10:00 p.m. We note that the victim's trial testimony, police criminal complaint, and police investigation report state that the assault occurred shortly after 9:00 p.m. ***See*** N.T. Trial, 11/4/11, at 15; Police Crim. Compl., 8/9/09, at 1; Ex. C. to Appellant's PCRA Pet., 8/2/13.

at which time the victim escaped.[4]   *Id.*   The victim then found a police officer at 9:15 p.m.  Ex. C. to Appellant's PCRA Pet., 8/2/13.  Appellant was eventually apprehended and charged.

Prior to trial, Appellant moved to have the Commonwealth produce a surveillance video.  The video is not a part of the certified record, but attached to Appellant's PCRA petition was an exhibit purporting to be a photocopy of a police report describing the video:

> On 08/14/09, [police] obtained the surveillance video that was recorded from [the bar near the alleyway in question.] The video was recorded on a VHS tape and shows the view of the alley . . . .  The date stamped on the video is 09/08/09 [sic[5]] and the video shows the time period between 21:01:26 hours and 21:35:43 hours.  The quality of the video is poor and it appears as if something white and stringy, such as spider webs, is covering the camera's view.  The following can be seen on the tape:
>
> ***21:04:05***- Two dark colored vehicles drive one after the other down the alley . . . .
>
> ***21:11:55***- A dark colored vehicle drives down the alley . . . and parks in the alleyway on the side closest to [the] bar. A person of unknown gender, wearing all light colored clothing and a light colored hat exits the passenger side of the vehicle.  As the person exits the vehicle, another person of unknown gender walks fast down the alley . . . .
>
> ***21:24:08***- A dark colored vehicle drives down the alley . . . .

---

[4] The driver and passenger were never identified.

[5] We presume this was intended to state "08/08/09."

> ***21:26:25***- Two people of unknown gender walk down the alley . . . .
>
> The video will be retained by detectives as evidence.

Ex. C. to Appellant's PCRA Pet., 8/2/13.[6]  As set forth below, the PCRA court stated that it had previously ruled the videotape was not exculpatory evidence.  PCRA Ct. Op., 7/28/14, at 3.  The docket and record, however, do not reflect a ruling on Appellant's discovery motion.[7]

> On November 4, 2011, Appellant waived his right to a jury trial and proceeded to a bench trial before the Honorable Joseph K. Williams, III.  Prior to the presentation of witnesses, Appellant stipulated that he was guilty of indecent assault and simple assault.[8]  Thereafter, Appellant proceeded to trial on the remaining charges of aggravated indecent assault and unlawful restraint.  At the close of trial, on November 4, 2011, the trial court found Appellant guilty of aggravated indecent assault, but not guilty of unlawful restraint.
>
> On January 12, 2012, the trial court sentenced Appellant to an aggregate sentence of two to four years' imprisonment, to be followed by seven years' probation.

---

[6] We reproduced the typewritten portion of the document only.  The handwritten markings and notations do not appear to be part of the original document.

[7] The court may or may not have rendered an oral ruling on Appellant's motion at a pretrial status conference, but the conference was not transcribed.  Order, 8/17/11 (scheduling status conference for September 7, 2011).

[8] Appellant did not stipulate to the facts underlying his guilty pleas.  ***Cf. Commonwealth v. Tate***, 410 A.2d 751 (Pa. 1980) (resolving case in which defendant stipulated to facts but entered plea of not guilty).

***Clapper I***, at 2.  At trial, there was no reference to a videotape.  The court did not conduct an oral colloquy of Appellant with respect to the stipulated guilty pleas and the record does not include a written colloquy.

On direct appeal, Appellant challenged solely the weight of the evidence.  ***Id.*** at 3.  The ***Clapper I*** Court affirmed, and our Supreme Court denied Appellant's petition for allowance of appeal on May 29, 2013.

Appellant timely filed the instant PCRA petition on August 9, 2013, which raised five issues.  He first alleged that the court gave an erroneous jury waiver colloquy.  Second, Appellant claimed counsel was ineffective for not calling an author of a nurse's report, which would have purportedly established the victim's perjury.  Third, he suggested the court erred by not conducting a pre-sentence investigation.  Fourth, Appellant maintained the judge was racially biased against him.  Lastly, he opined trial counsel was ineffective by not introducing an exculpatory videotape.

The PCRA court appointed counsel, who filed a petition to withdraw pursuant to ***Turner***/***Finley***[9] on February 4, 2014.  PCRA counsel described the video as follows:

> Undersigned [PCRA counsel] had an opportunity to review the tape and finds it to contain no helpful information.  The tape is of poor quality and undersigned was unable to identify any actors in the video.  There does not appear to be any footage of the victim or [Appellant] on the tape.

---

[9] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1998); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[Appellant] argues that this should exonerate him or prove the victim a perjurer. The supplemental report attached to [Appellant's PCRA] petition as Exhibit "C" notes that 2 people of unknown gender walk down the alley at 21:26 on the video. According to Initial Investigative Report also attached at Exhibit "C" to [Appellant's PCRA] petition, the victim approached [the police] at 21:15, 9 minutes before the actors are seen walking down the alley. Since [Appellant] has taken responsibility for a simple assault and an indecent assault, there is no doubt that an altercation took place. The video does not show this altercation. It is impossible to identify any actors in the video. Since the trial strategy employed was based on the theory that an altercation took place but that no penetration occurred, the video does not help [Appellant] in his defense. This issue has no merit.

***Turner***/***Finley*** Letter, 2/4/14, at 9-10.

The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss. Appellant filed a timely response in opposition, which withdrew the nursing report issue and raised two new issues: the victim willfully perjured herself and the court failed to colloquy Appellant regarding his guilty pleas. Accordingly, Appellant asserted his counsel's ***Turner***/***Finley*** letter was deficient. Appellant did not seek leave of court to file an amended PCRA petition. On March 27, 2014, the PCRA court dismissed Appellant's PCRA petition and granted permission for Appellant's PCRA counsel to withdraw.

Appellant filed a *pro se* timely appeal on April 22, 2014, and timely filed a court-ordered Pa.R.A.P. 1925(b) statement, which included, *inter alia*, the guilty plea colloquy issue first raised in his Rule 907 response. On July 28, 2014, the court issued its Pa.R.A.P. 1925(a) decision, which although purporting to address the issues raised in Appellant's Rule 1925(b)

statement, did not address his guilty plea colloquy claim. The PCRA court also held, *inter alia*, that it "previously ruled that this tape is not exculpatory evidence. As such, this claim lacked merit." PCRA Ct. Op. at 3. As noted above, the docket and record do not include a written or oral ruling.

Appellant raises the following issues in his appellate brief:

> Whether trial counsel was constitutionally ineffective for failing to present exculpatory video evidence.
>
> Whether [Appellant's] constitutional rights were violated by the perjured testimony of [the victim].
>
> Whether the trial court erred in that it failed to conduct a plea colloquy which would have revealed that [Appellant's] guilty plea were [sic] the product of unlawful inducement by trial counsel[']s promises.
>
> Whether PCRA counsel's "no merit letter" was legally insufficiency for failing to research and properly address [Appellant's] claim of errors[.]
>
> Whether the PCRA court erred in failing to independently address [Appellant's] claims by wholesale adoption of counsel[']s "no merit letter".

Appellant's Brief at 1 (reordered to facilitate disposition).

We summarize Appellant's arguments for all of his issues, as they are interrelated. Appellant contends that trial counsel was ineffective by not introducing a videotape "that would have impeached the credibility of the victim" because the video did not show "the assault or the victim or" Appellant. *Id.* at 11, 14. He thus maintains the victim perjured herself. Appellant also contends PCRA counsel was ineffective by not reviewing the record and ascertaining the court failed to conduct a guilty plea colloquy.

- 7 -

*Id.* at 8. He asserts the court erred by adopting counsel's no-merit letter in its opinion. We hold Appellant is due limited relief, as set forth below.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008).

To properly preserve a challenge to **PCRA** counsel's ineffectiveness, the defendant must raise the claim in response to a Pa.R.Crim.P. 907 notice of intent to dismiss. *Commonwealth v. Rykard*, 55 A.3d 1177, 1189 (Pa. Super. 2012). Rule 907 "does not treat a response to its notice of dismissal as either an amended petition or a serial petition." *Id.* at 1187.

> A response to a notice of dismissal and petitions have traditionally, and in practice, been viewed as distinct. *See* Pa.R.Crim.P. 907(1) (utilizing both phrases separately); *Commonwealth v. Williams*, 557 Pa. 207, 732 A.2d 1167 (1999) (*Batson* claim proposed for first time in a response to pre-dismissal notice did not require PCRA court to address the issue and weighed in favor of disallowing an amended petition); *Commonwealth v. D'Amato*, 579 Pa. 490, 856 A.2d 806, 825 n. 19 (2004); [*Commonwealth v.*] *Paddy*, [15 A.3d 431,] 471 (Pa. 2011) (treating response to a notice of dismissal as objections and not a new amended petition or serial petition); *Commonwealth v. Derrickson*, 923 A.2d 466, 469 (Pa. Super. 2007).

*Id.*

In *Rykard*, the defendant alleged on appeal that "PCRA counsel was ineffective in failing to assert trial counsel's ineffectiveness for neglecting to raise and preserve an alleged *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct.

1194, 10 L. Ed. 2d 215 (1963) violation." *Id.* at 1190. The Commonwealth countered that the defendant waived the issue because it was not raised in the initial *pro se* petition. *Id.* at 1191. The *Rykard* Court rejected that position, as the defendant timely raised the issue of PCRA counsel's ineffectiveness in his Rule 907 opposition. *Id.* at 1186. The defendant, however, also raised two claims of **trial** counsel's ineffectiveness in his response to the Rule 907 notice. *Id.* at 1192. The *Rykard* Court did not address the issues, reasoning "that in order to properly aver a new non-PCRA counsel ineffectiveness claim, the petitioner must seek leave to amend his petition." *Id.*; *accord id.* at 1187.

With respect to claims of counsel's ineffectiveness, we state the following as background:

> [C]ounsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. To demonstrate prejudice, an appellant must prove that a reasonable probability of acquittal existed but for the action or omission of trial counsel. A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. Further, a PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.

*Commonwealth v. Perry*, 959 A.2d 932, 936 (Pa. Super. 2008) (punctuation marks and citations omitted). Our Supreme Court has made "clear this Court's strong preference that counsel be heard from before being

found ineffective." ***Commonwealth v. Colavita***, 993 A.2d 874, 895 (Pa. 2010).

In determining whether counsel's action was reasonable, the court does not consider "whether there were other more logical courses of action" counsel could have pursued, but simply examines whether counsel's decision had any reasonable basis. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). Conversely, to merit relief, counsel's action, given all the other available alternatives, must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Miller***, 431 A.2d 233, 234 (Pa. 1981) (citation omitted).

A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. ***Washington***, 927 A.2d at 594. "In the context of a PCRA proceeding, [the defendant] must establish that the ineffective assistance of counsel was of the type 'which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" ***Id.*** (citations omitted). The defendant must establish actual prejudice, or demonstrate that the alleged act of ineffectiveness falls within a narrow range of circumstances in which there is a presumption of prejudice. ***Commonwealth v. Reed***, 971 A.2d 1216, 1224-25 (Pa. 2009).

This Court set forth the applicable law regarding counsel's stewardship during guilty plea colloquies:

A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute manifest injustice.

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. . . . Furthermore, nothing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (punctuation and citations omitted).

Instantly, with respect to Appellant's first and second issues, the PCRA court opined that it had watched the video and "previously ruled [it was] not exculpatory evidence." PCRA Ct. Op. at 3. The record, however, does not reflect any such ruling, let alone a ruling on Appellant's motion to compel the Commonwealth to produce the surveillance video in question. Nonetheless, we agree with the PCRA court's implicit determination that Appellant's claim lacked arguable merit. *See Perry*, 959 A.2d at 936. According to the police report and PCRA counsel, the videotape is of poor quality and does not depict any identifiable person or the underlying criminal activity. Ex. C. to Appellant's PCRA Pet.; *Turner*/*Finley* Letter at 9-10. Further, Appellant pleaded guilty to simple assault and indecent assault. *See Clapper I*, at 2. Thus, because Appellant conceded he was present with the victim, and

because the videotape does not depict the assault, he cannot contend the video exculpated him of aggravated indecent assault or the victim perjured herself. **See Perry**, 959 A.2d at 936.

For his third issue, Appellant contends PCRA counsel was ineffective by not discovering that the trial court failed to conduct a guilty plea colloquy. **See** Appellant's Brief at 8; **see generally Bedell**, 954 A.2d at 1212-13. Appellant has timely raised the issue of PCRA counsel's ineffectiveness in his Rule 907 opposition. **See Rykard**, 55 A.3d at 1189. Appellant was not required to seek leave of court to amend his PCRA petition. **See id.** at 1192. The record does not reflect any guilty plea colloquy and the PCRA court did not address the issue, although Appellant raised it in his Rule 1925(b) statement. Because an evidentiary hearing was not held and our Supreme Court has evinced a preference for an evidentiary hearing, **see Colavita**, 993 A.2d at 895, out of an abundance of caution, we remand for an evidentiary hearing on Appellant's third issue. **See also Washington**, 927 A.2d at 594; **Miller**, 431 A.2d at 234.

We lastly address Appellant's claim that the PCRA court erred by adopting counsel's **Turner**/**Finley** letter in its Rule 1925(a) decision. Instantly, the PCRA court authored an independent Rule 1925(a) decision and did not adopt PCRA counsel's **Turner**/**Finley** letter. **See generally** PCRA Ct. Op. at 1-3. Accordingly, we vacate the order below, remand for an

evidentiary hearing on Appellant's third issue, and direct the PCRA court to appoint counsel per **Torres**, **supra**, if Appellant wishes counsel.

Order vacated. Case remanded for an evidentiary hearing on whether PCRA counsel was ineffective for failing to investigate the absence of a guilty plea colloquy. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2014