J-S19039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JESUS ROSARIO TORRES, | : | |
| | : | |
| Appellant | : | No. 1223 EDA 2015 |

Appeal from the PCRA Order March 9, 2015
in the Court of Common Pleas of  Pike County,
Criminal Division, No(s): CP-52-CR-0000286-2008

BEFORE:  BENDER, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED MAY 04, 2016**

Jesus Rosario Torres ("Torres") appeals from the Order denying his first Amended Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   Additionally, Torres's appointed counsel, Brendan R. Ellis, Esquire ("Attorney Ellis"), has filed a Petition to Withdraw as counsel, and an accompanying no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We grant Attorney Ellis's Petition to Withdraw and affirm the Order.

The PCRA court set forth the procedural history underlying this appeal as follows:

Following a seven[-]day jury trial in April and May, 2010, [Torres], represented by Attorney Michael Weinstein ("Attorney Weinstein"), was convicted of the following charges: [] murder in the first degree; [] criminal conspiracy to commit murder in the

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

first degree; [] kidnapping; and [] criminal conspiracy to commit … kidnapping. On June 24, 2010, th[e trial c]ourt sentenced [Torres] to incarceration in a State Correctional Facility for the balance of his life. [Torres] filed a timely appeal to the Superior Court[,] … [which] affirmed [Torres's] sentence. [**See Commonwealth v. Torres**, 34 A.3d 224 (Pa. Super. 2011) (unpublished memorandum.] [Torres] filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania[,] which was denied on February 1, 2012. [**See Commonwealth v. Torres**, 37 A.3d 1195 (Pa. 2012).]

[Torres] then filed the underlying *pro se* [PCRA Petition]. Counsel was appointed for [Torres] (hereinafter "PCRA Counsel"). On October 23, 2012, PCRA Counsel filed a Motion to Withdraw as Counsel along with a five[-]page "No[-]Merit Letter[,]" in which PCRA Counsel outlined his rationale. Th[e PCRA c]ourt granted PCRA Counsel's Motion to Withdraw and notified [Torres] that his [PCRA Petition] would be dismissed unless a response was filed within twenty (20) days. [Torres] filed a Petition for Extension of Time to Respond to Court Order on November 8, 2012. The Petition was granted and [Torres] was given an additional sixty [] days to file his response.

[Torres] filed an Amended [PCRA] Petition … on January 7, 2013, claiming ineffective assistance of counsel at trial. [Specifically, Torres] claimed that Attorney Weinstein [had] advised [Torres] not to testify, thereby depriving [Torres] of both his right to testify and his right to [a] coherent trial strategy. [Torres] averred further that th[e trial c]ourt erred by failing to colloquy [Torres] to determine whether [his] waiver of the right to testify was knowing and voluntary. A hearing was scheduled for February 25, 2013[,] and continued to March 25, 2013 at [Torres's] request.

[Torres] filed a Motion for Appointment of Counsel on February 27, 2013[,] which was subsequently denied on the ground that [Torres] previously had the benefit of appointed PCRA Counsel[,] who was granted leave to withdraw after finding no merit in [Torres's] claims. The hearing on [Torres's] Amended [PCRA] Petition took place on March 25, 2013 [(hereinafter "PCRA Hearing")], wherein [Torres] appeared *pro se*[,] with the benefit of an interpreter. During the [PCRA H]earing, [Torres] neither presented evidence nor called

witnesses in support of his Amended Petition. [Torres's] Amended Petition was denied.

[Torres] filed a timely appeal on April 16, 2013. Th[e PCRA c]ourt submitted a 1925[(a)] Opinion on June 10, 2013, and the Superior Court affirmed the decision by Order dated December 4, 2013. [**See Commonwealth v. Torres**, 93 A.3d 500 (Pa. Super. 2013) (unpublished memorandum).] [Torres] then filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. On September 29, 2014, the Pennsylvania Supreme Court vacated the decision of the Superior Court and remanded the matter to th[e PCRA c]ourt with direction to appoint counsel for the purpose of assisting [Torres] in a limited evidentiary hearing. [**See Commonwealth v. Torres**, 101 A.3d 781 (Pa. 2014).]

Th[e PCRA c]ourt appointed Attorney [] Ellis … to assist [Torres,] and scheduled an evidentiary hearing for March 3, 2015. Following the hearing, th[e PCRA c]ourt issued an Order denying [Torres's] Amended [PCRA] Petition on March 9, 2015.

PCRA Court Opinion, 6/1/15, at 1-3 (some capitalization and paragraph breaks omitted).

Torres then filed a *pro se* Notice of Appeal from the March 9, 2015 Order.[2] The PCRA court ordered Torres to file a Pa.R.A.P. 1925(b) concise

---

[2] We note that Torres's Notice of Appeal had to be filed by April 8, 2015. The PCRA court's docket indicates that the Notice of Appeal was entered on April 10, 2015. Torres dated the Notice of Appeal April 6, 2015. Due to the current state of the certified record, we are unable to determine whether Torres, an inmate, had deposited his Notice of Appeal with prison authorities for mailing prior to the expiration of the thirty-day appeal period. **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) (setting forth the "prisoner mailbox rule" and deeming the appellant's notice of appeal timely pursuant to this rule where the certified record was inadequate to confirm whether the appeal was, in fact, untimely). Additionally, neither the Commonwealth nor the PCRA court has challenged the timeliness of Torres's Notice of Appeal. Accordingly, we deem the appeal to be timely filed. **See id.**

- 3 -

statement of errors complained of on appeal. Torres timely filed a *pro se* Concise Statement.

Subsequently, Attorney Ellis filed with this Court a Petition to Withdraw as counsel, and an accompanying **Turner/Finley** brief, asserting counsel's opinion that there were no non-frivolous issues to be raised on appeal. In response, Torres filed with this Court a *pro se* "Motion For Leave To File Brief for Appellant *Pro Se*." We permitted Torres to file a *pro se* appellate brief, within thirty days. Torres then timely filed a *pro se* brief.

In the **Turner/Finley** brief, Attorney Ellis presents the following issues for our review:

> 1. Did the PCRA court abuse its discretion in failing to grant relief on [Torres's] claim that [Attorney Weinstein] was ineffective for giving unreasonable advice to not testify on his own behalf where [Torres] produced evidence that [c]ounsel's advice was based on a hunch that the Commonwealth had not produced enough evidence to sustain a guilty verdict?
>
> 2. May [Torres] raise the question of [] PCRA counsel's effectiveness for the first time on appeal?

**Turner/Finley** Brief at 5. In his *pro se* brief, Torres raises the following issue: "Did the PCRA [c]ourt abuse its discretion by failing to grant relief on [Torres's] claim that [Attorney Weinstein] was ineffective for offering unreasonable advice to not testify and, in doing so, interfer[ed] with

- 4 -

[Torres's] right to testify on his own behalf?" *Pro Se* Brief for Appellant at 7.[3]

Before addressing the claims Torres wishes to present on appeal, we must determine whether Attorney Ellis complied with the requirements of ***Turner***/***Finley*** in petitioning to withdraw as counsel. Pursuant to ***Turner***/***Finley***, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009). Such independent review requires proof of

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The [] court conducting its own independent review of the record; and
>
> 5) The [] court agreeing with counsel that the petition was meritless.

***Id.*** (citation and brackets omitted).

Here, our review of the record discloses that Attorney Ellis has complied with each of the above requirements. In addition, Attorney Ellis sent Torres copies of the ***Turner***/***Finley*** brief and Petition to Withdraw, and advised him of his rights in lieu of representation in the event that the court

---

[3] The Commonwealth did not file a brief on appeal.

- 5 -

granted Attorney Ellis permission to withdraw, in compliance with

***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011). Since

Attorney Ellis has complied with the ***Turner/Finley*** requirements, we will

proceed with our independent review of the record and the merits of Torres's

claims.

> This Court examines PCRA appeals in the light most
> favorable to the prevailing party at the PCRA level. Our review
> is limited to the findings of the PCRA court and the evidence of
> record. Additionally, we grant great deference to the factual
> findings of the PCRA court[,] and will not disturb those findings
> unless they have no support in the record. In this respect, we
> will not disturb a PCRA court's ruling if it is supported by
> evidence of record and is free of legal error. However, we afford
> no deference to its legal conclusions.

***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)

(internal citations, quotation marks and brackets omitted).

Torres argues that Attorney Weinstein rendered ineffective assistance,

and interfered with Torres's right to testify in his own defense, by

unreasonably advising Torres not to testify at trial. ***Turner/Finley*** Brief at

11; *Pro Se* Brief for Appellant at 18-19.[4] Torres alleges that

> [d]uring [pre-trial] preparations, he told [Attorney] Weinstein
> that he wanted to testify …. In response, [Attorney] Weinstein
> told him that his testimony was not necessary …. [] Torres
> remained adamant in his desire to testify on his own behalf, but
> [Attorney] Weinstein told him that he would only do damage to
> the case if he did.

---

[4] Since Attorney Ellis's first issue and Torres's sole issue are essentially identical, we will address them simultaneously.

- 6 -

*Id.* at 18; *see also id.* (asserting that "Torres felt he had [no] choice but to obey his lawyer's instructions"). Additionally, Torres urges that, "[i]n light of the porous explanations [Attorney] Weinstein offered [at the PCRA Hearing] for keeping his client off the witness stand, it is much more probable that [] Torres'[s] testimony concerning his attorney's advice was the truth." *Id.* at 21.

To prevail on a claim of ineffectiveness of counsel, the PCRA petitioner must demonstrate "(1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness[.]" *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet any of these prongs. *Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010). Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness. *Id.*; *see also Commonwealth v. Lesko*, 15 A.3d 345, 380 (Pa. 2011) (stating that "[w]hen evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and internal quotation marks omitted)).

> The decision to testify on one's own behalf
>
> is ultimately to be made by the accused after full consultation with counsel. In order to support a claim that counsel was ineffective for "failing to call the appellant to the stand," the appellant must demonstrate either that (1) counsel interfered

with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf.

***Commonwealth v. O'Bidos***, 849 A.2d 243, 250 (Pa. Super. 2004) (citation and brackets omitted). "Counsel is not ineffective where counsel's decision to not call the defendant was reasonable." ***Commonwealth v. Breisch***, 719 A.2d 352, 354-55 (Pa. Super. 1998). Additionally, regarding the second prong of the ineffectiveness test,

> counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citations, quotation marks and brackets omitted).

In its Opinion, the PCRA court addressed Torres's ineffectiveness challenge as follows:

> [Torres] has failed to establish all three prongs of the [ineffectiveness] test[,] and his testimony at the … PCRA Hearing[] lacked credibility.
>
> First, Attorney Weinstein's testimony indicates his advice was both reasonable and logical under the circumstances. During the PCRA Hearing, Attorney Weinstein testified that [Torres], through an interpreter, informed Attorney Weinstein that he shot the victim. PCRA Hr'g Tr. vol. 1, [at] 24 …. [Torres] then reneged, but finally admitted to the shooting[,] without [an] intent to kill the victim. ***Id.***, at 24-25. In addition, Attorney Weinstein testified as to evidence involving the tracing of cellular telephones[,] which would have contradicted

- 8 -

[Torres's] testimony as to his location at the time of the incident. *Id.*, at 25. Based on this information, Attorney Weinstein indicated his reluctance to recommend [that Torres] testify on his own behalf to avoid solicitation of perjury. *Id.*, at 24. Furthermore, Attorney Weinstein testified that he wanted to separate [Torres] from his co-defendant[, Joseph Atwell], felt that separation would be established by the evidence alone, and that [Torres's] testimony would interfere with that distinction. *Id.*, at 26-28. Th[e PCRA c]ourt is convinced [that] Attorney Weinstein's strong recommendation that [Torres] not testify on his own behalf was a reasonable and logical trial strategy.

Second, [Torres's] position that he was denied his right to testify on his own behalf lacks credibility. [Torres] testified [at the PCRA Hearing that] he **did** discuss the right to testify with Attorney Weinstein []. PCRA Hr'g Tr. vol. 1, 5-8 …. [Additionally, Torres executed an] Affidavit dated December 29, 2012, [which] indicates:

> [Attorney] Weinstein initiated a discussion with me, advising me that he did not need me to take the stand because now the case "looked good for us." … The defense rested without me taking the stand. It was on the basis of that advice that I used my right to remain silent and did not testify.

[]Torres Aff. December 29, 2012. This language is a clear indication that the decision not to testify on his own behalf was made by [Torres,] based upon the advice of Attorney Weinstein. Attorney Weinstein's testimony offered at the PCRA Hearing verifies as much. PCRA Hr'g Tr. vol. 1, 22-23 ….

Therefore, … Attorney Weinstein had both a logical and reasonable basis for his recommendations to [Torres,] and th[e PCRA c]ourt is not convinced that the result of [Torres's] trial would have been different if [Torres] had testified on his own behalf.

PCRA Court Opinion, 6/1/15, at 6-7 (emphasis in original); **see also** Order, 3/9/15, at 2 (stating that Attorney Weinstein "is an extremely experienced defense attorney with 40 years of criminal [defense] experience, a great

deal of knowledge of the law and the legal process, including how to actually handle jury trials, and [he has] a full understanding of his responsibility to both the client and the Court. Based upon all of that knowledge and experience, his advice to [Torres] was both logical and legal[,] and certainly qualified as effective assistance of counsel.").

Our independent review of the record shows that the PCRA court's sound rationale is supported by the record, and we therefor affirm on this basis in rejecting Torres's ineffectiveness challenge regarding Attorney Weinstein. *See* PCRA Court Opinion, 6/1/15, at 6-7; *see also Spotz, supra*.[5]

Next, to the extent that Attorney Ellis asserts in the *Turner*/*Finley* brief that Torres wishes to challenge Attorney Ellis's representation at the PCRA Hearing, Torres does not argue this claim in his *pro se* brief. Nevertheless, this claim is not ripe for our review because Torres raises it for the first time on appeal. *See Commonwealth v. Ford*, 44 A.3d 1190, 1200-01 (Pa. Super. 2012) (holding that "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court[,]" and "claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has

---

[5] Additionally, we decline Torres's invitation to reassess the PCRA court's credibility determination concerning the testimony presented at the PCRA Hearing. *See Commonwealth v. Roney*, 79 A.3d 595, 603 (Pa. 2013) (stating that "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court[.]").

been taken from the underlying PCRA matter."); *see also Commonwealth v. Jette*, 23 A.3d 1032, 1044 n.14 (Pa. 2011) (stating that "[w]hile difficult, the filing of a subsequent timely PCRA petition [alleging ineffectiveness of PCRA counsel] is possible, and in situations where a [time bar] exception … can be established[,] a second [PCRA] petition filed beyond the one-year time bar may be pursued.").

Accordingly, because we conclude that the PCRA court neither abused its discretion nor committed an error of law in denying Torres's first Amended PCRA Petition, we grant Attorney Ellis's Petition to Withdraw and affirm the Order on appeal.

Petition to Withdraw as counsel granted; Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2016