J-S12005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD WILLIAM PETTERSEN, JR. | |
| Appellant | No. 526 EDA 2014 |

Appeal from the PCRA Order January 28, 2014
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000425-2009

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

DISSENTING STATEMENT BY MUNDY, J.:          **FILED JUNE 27, 2016**

I respectfully dissent from the learned Majority's decision to vacate and remand for appointment of new counsel.  Although I agree that the PCRA court took "mutually exclusive positions" to a certain degree, it does not follow that the PCRA court violated Appellant's rule-based right to counsel.  Majority Memorandum at 4.

"[A] criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*); **accord** Pa.R.Crim.P. 904(C).  As the Majority points out, under Rule 908(C), whenever the PCRA court convenes an evidentiary

_____

[*] Retired Senior Judge assigned to the Superior Court.

hearing, the PCRA court "shall provide the defendant an opportunity to have counsel." Pa.R.Crim.P. 908(C); *see also generally* Majority Memorandum at 4. However, this Court has recognized that there are limits on this rule-based right.

> [W]hen counsel has been appointed to represent a petitioner in [PCRA] proceedings as a matter of right under [Rule 904(C)] and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in *Turner*[/*Finley*]*,* new counsel shall not be appointed and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be.

*Commonwealth v. Maple*, 559 A.2d 953, 956 (Pa. Super. 1989) (footnote omitted); *accord Commonwealth v. Rykard*, 55 A.3d 1177, 1183 n.1 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).[1]

As noted above, PCRA counsel was appointed as required by Rule 904(C). Subsequently, PCRA counsel was permitted to withdraw from representation pursuant to the procedures outlined in *Turner*/*Finley*. Appellant did not challenge that order. Once that order became final, the PCRA court was not permitted to appoint a second PCRA counsel for Appellant. *See id.*

I am aware of one order from our Supreme Court in *Commonwealth v. Torres*, 101 A.3d 781 (Pa. 2014) (*per curiam*) which involved a similar

---

[1] Our Supreme Court has cited to *Maple*'s proposition with approval. *Commonwealth v. Jette*, 23 A.3d 1032, 1042 (Pa. 2011).

poster. There, the petitioner was appointed counsel for his first PCRA petition, counsel was permitted to withdraw under **Turner**/**Finley**, and the PCRA court issued its Rule 907 notice. **Id.** at 781. In response, the petitioner "filed a *pro se* pleading styled as an amended PCRA petition, raising two new claims[.]" **Id.** The PCRA court granted the petitioner an evidentiary hearing on his new claims, and he requested appointment of counsel for the hearing, which the PCRA court denied on the grounds that prior counsel had already been permitted to withdraw. **Id.** Our Supreme Court concluded that once the PCRA court accepted the petitioner's amended petition and granted an evidentiary hearing on same, the PCRA court was required to appoint counsel. **Id.**

I conclude **Torres** does not alter the proper resolution of this case for two reasons. First, **Torres** was a *per curiam* order entered by our Supreme Court on its *allocatur* docket. It is axiomatic that such "*per curiam* orders have no *stare decisis* effect." **Commonwealth v. Thompson**, 985 A.2d 928, 937 (Pa. 2009) (citation omitted). As such, **Torres** is not binding on this panel. More critically, in this case, I have reviewed Appellant's *pro se* response to the PCRA court's Rule 907 notice, and Appellant did not raise any new claims, thus rendering this case factually and legally distinguishable from **Torres**, and the Majority does not dispute this important distinction. Majority Memorandum at 2.

Based on the foregoing, I conclude that Appellant was not entitled to new counsel once the PCRA court convened its hearing on Appellant's response to its Rule 907 notice. I have also reviewed Appellant's remaining claims on appeal and conclude that they do not warrant relief. Accordingly, I would affirm the PCRA court's January 28, 2014 order. I respectfully dissent.